

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:EAG/GMP
F.#2010R00153

*271 Cadman Plaza East*

*Brooklyn, New York 11201*

June 21, 2012

<u>By Hand Delivery and ECF</u>

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Ralph Scopo
           <u>Criminal Docket No. 11-30 (KAM)</u>

Dear Judge Matsumoto:

      The government respectfully submits this letter to
notify the Court regarding a potential conflict involving
attorney Kevin Keating, who represents the defendant Ralph Scopo,
an inducted member of the Colombo organized crime family of La
Cosa Nostra (the "Colombo family").  The conflict arises from Mr.
Keating's previous representation of Anthony Russo, a co-
defendant and a Colombo family member who is now cooperating with
law enforcement.  Mr. Keating previously represented Anthony
Russo in <u>United States v. Anthony Russo</u>, Criminal Docket No. 99-
920 (CBA) (E.D.N.Y.), and <u>United States v. Anthony Russo</u>,
Criminal Docket No. 00-26 (JSM) (S.D.N.Y.), in which Anthony
Russo was charged with racketeering conspiracy, narcotics
trafficking and extortion in connection with Anthony Russo's
association with the Colombo family.

      The government advises the Court pursuant to its
obligation under Second Circuit law so the Court may conduct the
appropriate inquiry pursuant to <u>United States v. Curcio</u>, 680 F.2d
881, 888-90 (2d Cir. 1982).  <u>See</u>, <u>e.g.</u>, <u>United States v.
Stantini</u>, 85 F.3d 9, 13 (2d Cir. 1996); <u>United States v.
Malpiedi</u>, 62 F.3d 465, 467 (2d Cir. 1995).

I.    Applicable Law

    A.    Overview

        The Sixth Amendment affords a criminal defendant the
right to effective assistance of counsel.  See Wood v. Georgia,
450 U.S. 261, 271 (1981); United States v. Perez, 325 F.3d 115,
124 (2d Cir. 2003).  That right, however, is not absolute and
does not guarantee the defendant counsel of his own choosing.
See United States v. Jones, 381 F.3d 114, 119 (2d Cir. 2004);
United States v. Locascio, 6 F.3d 924, 931 (2d Cir. 1993).  While
there is a "presumption in favor of the [defendant's] chosen
counsel, such presumption will be overcome by a showing of an
actual conflict or a potentially serious conflict."  Jones, 381
F.3d at 119 (citing Locascio, 6 F.3d at 931); see also Wheat v.
United States, 486 U.S. 153, 164 (1988).

        To determine if the defendant's counsel is burdened by
a conflict of interest, a district court "must investigate the
facts and details of the attorney's interests to determine
whether the attorney in fact suffers from an actual conflict, a
potential conflict, or no genuine conflict at all."  United
States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994).  An actual
conflict exists "when the attorney's and the defendant's
interests diverge with respect to a material factual or legal
issue or to a course of action, or when the attorney's
representation of the defendant is impaired by loyalty owed to a
prior client."  Jones, 381 F.3d at 119 (internal quotation marks
and citations omitted).  A potential conflict arises if "the
interests of the defendant could place the attorney under
inconsistent duties in the future."  Id. (emphasis and citations
omitted).  If the attorney suffers from an actual or potential
conflict of such a serious nature that no rational defendant
would knowingly and intelligently desire that attorney's
representation, the court must disqualify that attorney.  See
United States v. Lussier, 71 F.3d 456, 461-62 (2d Cir. 1995).

        Regardless of the severity of the conflict, "[f]ederal
courts have an independent interest in ensuring that criminal
trials are conducted within the ethical standards of the
profession and that legal proceedings appear fair to all who
observe them."  Wheat, 486 U.S. at 160.  "The question of
[attorney] disqualification therefore implicates not only the
Sixth Amendment right of the accused, but also the interests of
the courts in preserving the integrity of the process and the
government's interests in ensuring a just verdict and a fair
trial."  Locascio, 6 F.3d at 931.  Accordingly, "a district court
should decline to permit a defendant to be represented by the
counsel of his choice if that representation would undermine the

2

integrity of the judicial process." United States v. DiPietro, No. 02 CR 1237 (SWK), 2004 WL 613073, at *4 (S.D.N.Y. Mar. 29, 2004) (citing Wheat, 486 U.S. at 163).

B.  Representation of Co-Conspirator or Government Witness

An attorney's prior representation of a co-conspirator or a government witness presents an inherent conflict of interest. See Locascio, 6 F.3d at 931; United States v. Iorizzo, 786 F.2d 52, 57 (2d Cir. 1986); Restatement (Third) of the Law Governing Lawyers § 121 (2000) (recognizing that a serious problem arises when "there is a substantial risk that the lawyer's representation of the client would be materially and adversely affected by . . . the lawyer's duties to . . . a former client . . . ."). This is because a lawyer owes an absolute duty of loyalty and confidentiality to both his current and former clients. See United States v. Yannotti, 358 F. Supp. 2d 289, 295 (S.D.N.Y. 2004); United States v. Rahman, 861 F. Supp. 266, 274 (S.D.N.Y. 1994); ABA Model Code of Professional Responsibility, Ethical Consideration 4-6. That duty, which remains in force even after representation ends, precludes the lawyer from disclosing matters revealed to him by reason of the confidential relationship, absent release from that duty under the law. See Rahman, 861 F. Supp. at 274; EC 4-6 ("The obligation to protect confidences and secrets of a client continues after the termination of employment."). Therefore "unless the . . . client waives these obligations, the attorney's . . . representation creates the potential for a serious conflict of interest." Yannotti, 358 F. Supp. 2d at 295.

That means that a lawyer cannot use privileged information obtained from his former client during the prior representation that would adversely affect that client in the present proceeding. See United States v. James, 708 F.2d 40, 45-46 (2d Cir. 1983); United States v. Cunningham, 672 F.2d 1064, 1072-73 (2d Cir. 1982). Thus, in representing a current client, a lawyer cannot attack former clients through cross-examination or argument to the jury. See United States v. Pizzonia, 415 F. Supp. 2d 168, 177-78 (E.D.N.Y. 2006); Rahman, 861 F. Supp. at 277; United States v. Massino, 303 F. Supp. 2d 258, 262 (E.D.N.Y. 2003) ("Because of [the attorney's] prior representation of [the cooperating witness], [the attorney] cannot ethically cross-examine [the cooperating witness] without his consent."); United States v. Falzone, 766 F. Supp. 1265, 1275 (W.D.N.Y. 1991) (finding it improper for an attorney to cross-examine his prior client because the attorney is in a position to use information gleaned from the prior representation "either purposely or inadvertently").

This effectively precludes a lawyer from vigorously cross-examining a former client or commenting on his credibility, which may be essential to the effective representation of a current client.  See United States v. Kelly, 870 F.2d 854, 856-57 (2d Cir. 1989) (finding disqualification necessary because the defendant's interests would best be served by "vigorous cross-examination of the informant in a manner wholly inconsistent with the informant's interests" -- a task that defense counsel could not perform without "violat[ing] the rights of the informant" to expect continued loyalty and confidentiality from his former attorney); United States v. Malpiedi, 62 F.3d 465, 469 (2d Cir. 1995) (finding that the lawyer was prohibited from seeking to "conduct a thorough, no-holds-barred cross-examination . . . because of [the lawyer's] obligations as [the witness's] prior attorney").  Therefore, a lawyer who previously represented a government witness may be disqualified from representing a defendant against whom that witness is expected to testify. United States v. Spataro, No. 04 CR 911 (SJ), 2005 WL 3775954, at *2-4 (E.D.N.Y. Dec. 23, 2005) (disqualifying defense counsel in part because of "a serious conflict between duties owed to [a government witness] as a former client and [the defendant] as a current client").

Where representation of a former client is substantially related to representation of the current client -- i.e., involving the same subject matter -- the Second Circuit has found an actual conflict of interest.  See, e.g., Malpiedi, 62 F.3d at 467 (reversing the guilty verdict because the defendant's attorney represented a government witness during the grand jury proceeding in the same case); Ciak v. United States, 59 F.3d 296, 304 (2d Cir. 1995) (reversing the guilty verdict because the defendant's attorney represented a government witness in a related forfeiture proceeding), abrogated on other grounds by Mickens v. Taylor, 535 U.S. 162 (2002); James, 708 F.2d at 46 (affirming disqualification of an attorney who formerly represented the head of a narcotics organization in a related case, finding "that the present issues are substantially related to the subject matter of the past representation, and that defense counsel quite likely have received confidential information from the witness" such that "even the constitutional dimension of a criminal defendant's right to counsel of his choice does not give the defendant the right to take advantage of his preferred attorney's confidential knowledge gained from prior representation of the witness.").  Where the prior representation of a witness involves substantially related representations, the danger of divided loyalties or revealing client confidence is at a maximum.  See Pizzonia, 415 F. Supp. 2d at 178.

4

C.   <u>Curcio</u> Waiver

If the conflict is such that a rational defendant could knowingly and intelligently choose to continue to be represented by the conflicted attorney, the Court must obtain directly from the defendant a valid waiver in accordance with the procedures set forth in <u>Curcio</u>.  <u>See</u>, <u>e.g.</u>, <u>Malpiedi</u>, 62 F.3d at 470; <u>Levy</u>, 25 F.3d at 153; <u>Iorizzo</u>, 786 F.2d at 58-59.  In summarizing the <u>Curcio</u> procedures, the Second Circuit has instructed the trial court to:

> (i) advise the defendant of the dangers arising from the particular conflict;
> (ii) determine through questions that are likely to be answered in narrative form whether the defendant understands those risks and freely chooses to run them; and
> (iii) give the defendant time to digest and contemplate the risks after encouraging him or her to seek advice from independent counsel.

<u>Id.</u> at 59; <u>see also</u> <u>Curcio</u>, 680 F.2d at 888-90.  By routinely relying on waivers of potential conflict claims, courts are spared from having to wade into the intricacies of those claims. <u>See</u> <u>United States v. Jiang</u>, 140 F.3d 124, 128 (2d Cir. 1998).

The need for a <u>Curcio</u> hearing exists regardless of whether a case is disposed of by way of guilty plea or trial.  "A claim that counsel is conflicted is in essence a claim of ineffective assistance of counsel."  <u>Stantini</u>, 85 F.3d at 15. Likewise, "[e]ffective assistance of counsel includes counsel's informed opinion as to what pleas should be entered."  <u>Boria v. Keane</u>, 99 F.3d 492, 497 (2d Cir. 1996).  Therefore, it necessarily follows that a defendant has a right to conflict-free representation during the plea negotiation stage.  <u>See</u> <u>id.</u> (explaining, "'prior to trial an accused is entitled to rely upon his counsel to make an <u>independent</u> examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered.'" (quoting <u>Von Moltke v. Gillies</u>, 332 U.S. 708, 721 (1948) (emphasis added))); <u>see also</u> <u>Stantini</u>, 85 F.3d at 16-17 (suggesting that ineffective assistance of counsel may be shown if attorney's dual representation led to inadequate advice "with respect to the advantages or disadvantages of a plea").

5

II.  Discussion

Mr. Keating's previous representation of Anthony Russo, who is a possible government witness in this case, presents a potential conflict of interest.  Anthony Russo is expected to testify at trial in this case, though not directly against this defendant.  In light of Mr. Keating's duties to the government witness, Mr. Keating may not cross-examine the witness or comment on the witness's credibility at trial.

Notwithstanding the limitations outlined above, a defendant can generally waive potential conflicts arising from his attorney's prior representation of a co-conspirator or government witness.  See Perez, 325 F.3d at 124 (citing United States v. Fulton, 5 F.3d 605, 613 (2d Cir. 1993)).  The Second Circuit has recognized that "[o]ur cases . . . support allowing waiver of the conflict that arises when an attorney must cross-examine a former client in order to effectively represent a current client."  United States v. Oberoi, 331 F.3d 44, 50 (2d Cir. 2003).  Such a waiver is allowed because:

> Although such a conflict might require a defendant to abandon a particular defense or line of questioning, he can be advised as to what he must forgo; he "can then seek the legal advice of independent counsel and make an informed judgment that balances the alteration in the trial strategy against the perceived effect of having to get a new and perhaps less effective defense counsel."

Perez, 325 F.3d at 124 (quoting Fulton, 5 F.3d at 613).

III. Proposed Questions

In the event the Court determines that the defendant can waive the potential conflicts of interest, the government proposes that the Court advise the defendant as follows:

> I am advised that your attorney has previously represented, among others, a member of the Colombo organized crime family who may testify against you at a trial in this case.  Your attorney has certain ethical obligations to his former client.  For example, it might be a conflict of interest for your attorney to investigate leads, introduce evidence or make arguments on your

6

behalf that might tend to incriminate or cast suspicion on his former client.

Your attorney also may have privileged information from his former client that could assist in your defense but that he could not disclose because of his ethical duties.  It also is possible that another attorney could take a certain position with respect to your involvement (or non-involvement) in the crimes charged against you or your relationship with your co-defendants, whereas your attorney may be ethically barred from pursuing such a defense strategy due to contrary information he may have obtained from his former client.

There may be other issues, in addition to the ones that I've just described, that can arise in which your attorney's ability to do certain things might be affected by the fact he has represented other clients in matters related to this case or the Colombo family. No one can foresee every possible conflict of interest.

Do you have any questions about what I have just explained to you?  Can you tell me in your own words what you understand the potential conflicts of interest to be?

You have the right to be represented by an attorney who does not have any possible conflicts of interest in representing you at all stages of this case, including any plea negotiations.  If you proceed with your attorney, you will be giving up that right. Do you understand that?

Have you discussed these issues with your attorney?

You also have the right to consult with an independent attorney who can advise you about the possible conflicts of interest that might arise if you proceed with your attorney.  Do you understand that?

7

You are not under any pressure to make a decision about this right now.  You are entitled, if you wish, to a reasonable period of time to think about these matters, or to consult further with your lawyer or with another lawyer before you advise the Court what you wish to do.

IV.   Conclusion

For the foregoing reasons, the Court should notify the defendant of the potential conflicts raised above and conduct an appropriate inquiry pursuant to Rule 44(c) and Curcio.  The Court should further advise the defendant regarding his right to conflict-free representation and determine if he can waive those rights.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:   /s/ Elizabeth Geddes
Elizabeth A. Geddes
Allon Lifshitz
Gina Parlovecchio
Assistant U.S. Attorneys

cc:  Kevin Keating, Esq. (via ECF)

8