KEVIN J. KEATING
ATTORNEY AT LAW
SUITE 501
666 OLD COUNTRY ROAD
GARDEN CITY, NEW YORK 11530-2004

(516) 222-1099

TELECOPIER
(516) 683-8410

MANHATTAN OFFICE:
EMPIRE STATE BUILDING
350 FIFTH AVENUE, SUITE 5411
NEW YORK, N.Y. 10118
(212) 964-2702

August 14, 2012

**VIA ECF**
The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      *Re:*   ***United States v. Ralph Scopo***
          ***Criminal Docket No. 11-30 (KAM)***

Dear Judge Matsumoto:

As you are aware, I am attorney for Ralph Scopo. I write with two purposes. First, I address the Court's ECF Order today with regard to the rescheduling of the Curcio Hearing in this matter. Next, I address the substantive Curcio issue.

To begin, last week I was on a one week pre-planned family vacation. I returned to my office yesterday at which time I was contacted by your staff seeking an opposition to the Government's Curcio letter. I advised Chambers that I had just returned from vacation and anticipated filing my response this morning. Today, I have spoken with my client, AUSA Allon Lifshitz and Curcio counsel, Daniel Nobel. Subject to Mr. Scopo speaking independently with Mr. Nobel, I propose the following resolution to the Curcio issue.

The Government has announced its intention to call Anthony Russo as a witness at trial in this matter. I represented Mr. Russo approximately 12 years ago in a matter in the Southern District of New York that ended with a guilty plea. Due to the passage of time, I have little recollection of Mr. Russo's case and I no longer possess the records pertaining to his case. Additionally, the Government has advised that, at trial, Mr. Russo would offer no direct testimony with regard to the activities of Mr. Scopo.

Accordingly, should Mr. Scopo be prepared to waive a potential conflict which may exist in this matter, I would be prepared to continue my representation of him conditioned on the following: (1) Should Mr. Scopo's case proceed to trial with other defendants, I would agree to cross examine Mr.

Russo only with regard to any of his activities since my last representation of him, leaving cross examination of Mr. Russo with regard to the earlier matter wherein I served as his counsel to co-counsel in this case; (2) should Mr. Scopo alone proceed to trial in this matter, prior to the commencement of trial I would seek the assignment of counsel for the limited purpose of cross-examining Mr. Russo with regard to his aforesaid earlier case.

We will appear tomorrow as scheduled at 2:00 p.m. for the Curcio Hearing.

Thank you for your consideration.

                                               Respectfully submitted,

                                               KEVIN J. KEATING

KJK/mag
/cc:  AUSA Elizabeth A. Geddes
      AUSA Allon Lifshitz
      Daniel Nobel, Esq.